UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NUMBER: 1:24-cv-20989

**MERMAID MARINE HOLDINGS, LLC,**
a Florida Limited Liability Company,

    *Plaintiffs,*

v.

**MAVERICK YACHT MANAGEMENT LLC,** a Florida for Profit Business, **JOHANN FUABEL,** an individual, **JUAN MEIRELES**, an individual, **STACKS BROKERAGE CORP.,** a Florida for Profit Business, and **ALEXANDER WEAVER**, an individual,

    *Defendants*.

## PLAINTIFF'S RESPONSE/OPPOSITION TO STATEMENT OF UNDISPUTED FACTS AND PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

Plaintiff, MERMAID MARINE HOLDINGS, LLC responds to the Statement of Undisputed Material Facts of Maverick Yacht Management, LLC (Rec. Doc. __) as follows:

1. Undisputed.

2. Disputed. It is unclear what is meant by "material." However, Plaintiff does not dispute the authenticity of the Certificate of Documentation.

3. Undisputed.

4. Disputed. The Agreement states in relevant part that "MYM will provide Owner with a recommended hurricane safety plan by March of each year."

1

Although MYM was required to develop a hurricane preparedness plan, it never provided a copy of the plan as required by the Agreement.

5. Disputed. Plaintiff's Fourth Amended Complaint states in relevant part:

> **Upon information and belief**, MYM had in place a hurricane preparedness plan that contemplated transporting the Vessel from its home dock at 7900 Harbor Island Drive, North Bay Village, Florida to Bahia Mar Marina in Fort Lauderdale, Florida in advance of a hurricane. It is believed that before Hurricane Ian made landfall in Florida, MYM transported the Vessel to Bahia Mar Marina.

Plaintiff has never received a copy of the hurricane preparedness plan and therefore lacks personal knowledge of its contents – hence the inclusion of the phrase "upon information and belief" in the Fourth Amended Complaint.

6. Objection. This statement is compound and includes multiple factual statements. One statement is a reference to an allegation contained in Plaintiff's Fourth Amended Complaint while the other is an unsupported and unverified statement made by MYM. Plaintiff does not dispute the existence of Hurricane Ian. Plaintiff does dispute that MYM's transport of the Vessel was pursuant to a hurricane plan because no such plan has ever been produced by MYM. In addition, MYM refers to paragraph 20 of Plaintiff's Fourth Amended Complaint, but fails to accurately cite this provision, which states:

> During the final week of September 2022, Hurricane Ian approached the State of Florida and, with it, brought high waves and poor conditions off the coast of Broward and Miami-Dade County.

7. Objection. This statement is compound and includes multiple factual statements. Plaintiff does not dispute that MYM transported the Vessel. However, Plaintiff does dispute that MYM complied with the Agreement or a hurricane preparedness plan as no such plan has ever been produced by MYM and the manner in which the Vessel was transported – namely, by failing

2

to use the agreed-to route in transporting the Vessel, failing to consult weather reports, failing to post a lookout, and failing to obtain the vessel owner's authorization, would not comply with the Agreement or hurricane preparedness plan (if it exists).

8. Disputed in part. Plaintiff does not dispute that Johaan Fuabel and Juan Meireles were onboard the Vessel; however, Plaintiff is unaware if they were acting within the course and scope of their employment during the voyage.

9. Undisputed.

10. Undisputed.

11. Plaintiff is unable to confirm if the full and complete amount that was billed by Cay Marine, Inc. was $1,00,.567.49. However, Plaintiff is able to confirm that Cay Marine, Inc. performed substantial work on the vessel and received payments for work from Plaintiff's insurer.

12. Undisputed.

13. Undisputed.

14. Undisputed.

15. Disputed. Plaintiff agrees that substantial payments were made; however, the exact figure paid on the claim can only likely be confirmed through verifiable evidence or testimony obtained from the insurer and the vendors who were paid by the insurer.

16. Undisputed.

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

In accordance with Local Rule 56.1, Plaintiff, MERMAID MARINE HOLDINGS, LLC, issues its Statement of Undisputed Material Facts in support of its Opposition to the Motion for Summary Judgment filed by Maverick Yacht Management, LLC ("MYM"), Johann Fuabel, and Juan Meireles (collectively "MYM Defendants").

3

1. On June 18, 2022, Mermaid Marine Holdings, LLC ("Plaintiff" or "Mermaid") entered into an Agreement with MYM to manage the M/V SIRENA – a 70' Manhattan Sunseeker yacht (the "Vessel").

2. MYM drafted the Agreement.

3. The Agreement attached as Exhibit "B" is a true and correct copy of the Agreement.

4. Mermaid did not alter or edit any of the terms of the Agreement.

5. Mermaid did not negotiate the Compensation to be paid to MYM; rather, Mermaid agreed with MYM's original offer of $4,250.00 to perform the services contemplated by the Agreement.

6. The Vessel was damaged on September 30, 2022.

7. Johann Faubel and Juan Meireles were on the Vessel on September 30, 2022.

8. Johann Faubel and Juan Meireles were on the Vessel on September 30, 2022 when the Vessel sustained damages.

9. MYM never provided Mermaid a copy of a Hurricane Preparedness Plan prior to September 30, 2022.

10. Johann Faubel did not contact Nick Stocking to obtain express authorization to transport the Vessel through the Atlantic Ocean on September 30, 2022.

11. Juan Meireles did not contact Nick Stocking to obtain express authorization to transport the Vessel through the Atlantic Ocean on September 30, 2022.

12. Immediately prior to the voyage on which the incident occurred, neither Johann Faubel nor Juan Meireles reviewed weather data.

13. Johaan Faubel sent text messages to Nick Stocking stating:

(a) That he had never seen waves that large in South Florida.

    (b) Faubel took responsibility for the Incident and stated that "we will get her back to 100%."

    (c) "I apologize for this [the damage to the Vessel]."

    (d) "[s]hit happens but we are men of our word, boat will be as good as new."

    (e) "Alex and I will be covering the costs for the repairs."

14. The MYM Defendants did not personally repair the damages that the Vessel sustained on September 30, 2022.

15. The MYM Defendants did not personally pay to repair the damages that the Vessel sustained on September 30, 2022.

16. The MYM Defendants represented to Plaintiff that they did not have the financial assets to pay for the Vessel repairs.

17. The MYM Defendants assigned to Plaintiff their legal claims against MYM's insurance broker – Stacks Brokerage, Corp. for failing to procure liability insurance that would cover the damages caused to the Vessel.

18. Either MYM, Fuebel, or Meireles have purchased or leased a Tesla Cybertruck since this lawsuit has been filed.

19. Plaintiff propounded the attached written discovery requests consisting of Request for Production of Documents and Interrogatories.

20. MYM filed its motion for summary judgment without providing responses to Plaintiff's written discovery requests.

21. MYM issued a subpoena to Cay Marine after Plaintiff disclosed that Cay Marine had performed repairs on the Vessel.

**SUMMARY JUDGMENT EVIDENCE**

EX A: Declaration of Nicholas Stocking

EX B: MYM-Mermaid Agreement

EX C: Faubel-Stocking Text Messages

EX D: Plaintiff's Initial Disclosures

EX E: Plaintiff's Written Discovery Requests to MYM

EX F: Hiscox Insurance Company Policy

EX G: Assignment

Dated: June 3rd, 2025.                    Respectfully Submitted,

                                          JOHNS LAW GROUP, PLLC

                                          By: /s/ Jeremiah N. Johns

                                          JEREMIAH N. JOHNS
                                          Florida Bar No. #97323
                                          1 East Broward Boulevard, Suite 700
                                          Fort Lauderdale, Florida 33301
                                          Tel:    (954) 526-5080
                                          Fax:    (866) 200-2747
                                          jjohns@johnslawgroup.com

                                          ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of June 2025, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system and served upon counsel of record:

GINO J. BUTTO
F. DAVID FAMULARI
SAMUEL C. HIGGINBOTTOM

Famulari, Butto & Higginbottom, PLLC
2332 Galiano Street 2nd Floor
Coral Gables, FL 33134

Tel: (305) 728-7082

Email: gbutto@NauticalLawyers.com
Email: dfamulari@NauticalLawyers.com
Email: SCH@NauticalLawyers.com

-and-

STEVEN J. CHACKMAN

Bernstein Chackman Liss
4000 Hollywood Blvd
Suite 610
Hollywood, FL 33021
(954) 986-9600

Email:" schackman@bernstein-chackman.com

                                      */s/ Jeremiah N. Johns*
                                      Jeremiah N. Johns