**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NUMBER: 1:24-cv-20989

**MERMAID MARINE HOLDINGS, LLC,** a Florida Limited Liability Company and **AQUARIUS EAST TOURS, INC.,** an inactive Florida for Profit Business,

   *Plaintiffs,*

v.

**MAVERICK YACHT MANAGEMENT LLC,** a Florida for Profit Business, **JOHANN FAUBEL,** an individual, and **JUAN MEIRELES**, an individual,

   *Defendants*.

# PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MAVERICK YACHT MANAGEMENT

TO: Counsel of Record for Defendant Maverick Yacht Management, LLC, Gino Butto, Famulari, Butto & Higginbottom, PLLC, 2332 Galiano Street 2nd Floor, Coral Gables, Florida, 33134

Plaintiffs, MERMAID MARINE HOLDINGS and AQUARIUS EAST TOURS, INC, by and through undersigned counsel, hereby propounds the following Request for Production of Documents to Defendant, MAVERICK YACHT MANAGEMENT, pursuant Federal Rules of Civil Procedure 34. Please take notice that you are to answer separately, fully, in writing, and under oath, the following requests, which are deemed to be continuing in nature, and to serve your answers thereto on Johns Law Group, PLLC, Attorneys for Plaintiff, 1 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33301, within thirty (30) days of service hereof.

Dated: November 15, 2024.                    Respectfully Submitted,

                                            JOHNS LAW GROUP, PLLC

                                            By: */s/ Jeremiah N. Johns*

JEREMIAH N. JOHNS
Florida Bar No. 97323
1 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33301
Tel:   (954) 526-5080
Fax:   (866) 200-2747
jjohns@johnslawgroup.com

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of *Plaintiff's First Request for Production of Documents to Defendant Maverick Yacht Management,* LLC has been forwarded to counsel of record via Certified U.S. Mail, facsimile, hand delivery, or electronic service on this day, November 15, 2024.

GINO J. BUTTO
F. DAVID FAMULARI
SAMUEL C. HIGGINBOTTOM

Famulari, Butto & Higginbottom, PLLC
2332 Galiano Street 2nd Floor
Coral Gables, FL 33134
Tel: (305) 728-7082

Email: gbutto@NauticalLawyers.com
Email: dfamulari@NauticalLawyers.com
Email: SCH@NauticalLawyers.com

*/s/ Jeremiah N. Johns*
Jeremiah N. Johns

**INSTRUCTIONS**

1. Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person who has knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

    a. When identifying the document, MYM must state the following:

        (1) The nature of the document (e.g., letter, handwritten note).
        (2) The title or heading that appears on the document.
        (3) The date of the document and the date of each addendum, supplement, or other addition or change.
        (4) The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

    b. When identifying the person, MYM must state the following:

        (1) The full name.
        (2) The present or last known residential address and residential telephone number.
        (3) The present or last known office address and office telephone number.
        (4) The present occupation, job title, employer, and employer's address.

## DEFINITIONS

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means Maverick Yacht Management, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of MYM or its successors, predecessors, divisions, and subsidiaries.

3. "Vessel" refers to the M/V SIRENA, a 2008 70' Manhattan Sunseeker Yacht bearing Hull Number XSK04238D808.

4. "Incident" refers to the occurrences on September 30, 2022, leading up to and causing the damage of the vessel.

5. "Lawsuit" or "Litigation" means the present action, styled *Mermaid Marine Holdings, LLC and Aquarius East Tours v. Maverick Yacht Management, LLC, Johann Faubel, and Juan Meireles,* Case No. 01:24-cv-20989, filed in the Southern District of Florida.

6. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by MYM, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, résumés, logs, worksheets, insurance policies, financial data, record of claims or complaints, training manuals and materials, claim reviews, claim files, "field files", claim handling manuals, materials from the Insurance Institute of America, oral or written statements, and all information identified, referred to, or relied upon in developing Defendant's Answer to Plaintiff's Complaint.

7. "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives), microfiche, punched cards, or servers. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

8. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

9. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

10. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

11. "Contract" refers to the yacht management agreement referenced in this lawsuit and executed by both Plaintiffs.

12. "Identify" or "describe," when referring to a person, means Maverick Yacht Management must state the following:

    a. The full name.
    b. The present or last known residential address and residential telephone number.
    c. The present or last-known office address and office telephone number.
    d. The occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
    e. In the case of any entity, identify the officer, employee, or agent most closely connected with the subject matter of the request and the officer who is responsible for supervising that officer or employee.

13. "Identify" or "describe," when referring to a document, means Maverick Yacht Management must state the following:

    a. The nature of the document (e.g., letter, handwritten note).
    b. The title or heading that appears on the document.
    c. The date of the document and the date of each addendum, supplement, or other addition or change.
    d. The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.
    e. The present location of the document and the name, address, position or title, and telephone number of the person or persons having custody of the document.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MAVERICK YACHT MANAGEMENT

**REQUEST FOR PRODUCTION NO. 1:**

Produce all forms of written or recorded communications in the possession MYM, including its owners, employees, or representatives, that refer to Plaintiff's Vessel.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 2:**

Produce all forms of written or recorded communications in the possession MYM, including its owners, employees, or representatives, that include Plaintiff.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all forms of written or recorded communication in the possession of MYM, including its owners, employees, or representatives, that refer to the incident involving the Vessel and resulting damage that forms the basis of Plaintiff's lawsuit.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 4:**

Produce MYM's written manuals, policies, guidelines, or other similar documentation that relate to its requirements for navigating customer Vessels.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 5:**

Produce MYM's written manuals, policies, guidelines, or other similar documentation that relate to hurricane safety plans and the creation and implementation of the same.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 6:**

Produce MYM's written manuals, policies, guidelines, or other similar documentation that relate to the services performed by MYM for Plaintiff's benefit.

**REQUEST FOR PRODUCTION NO. 7:**

Produce color copies of all photographs, slides, motion pictures, videotapes, or other photographic reproductions in MYM's possession of the Vessel taken at any time.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 8**

Produce the contract(s) or other agreement(s) in MYM's possession between Defendant Maverick Yacht Management and the Plaintiffs.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 9:**

Produce any documents that you obtained prior to the incident referenced in the lawsuit demonstrating the weather conditions on September 30, 2022.

*RESPONSE*:

**REQUEST FOR PRODUCTION NO. 10:**

Produce all reports, invoices, estimates, or other documents that reference, discuss, or otherwise address damage to Plaintiff's vessel.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Produce all information that relates to the information provided in Interrogatory No. 7, relating to inspections that fulfilled section i. of the Yacht Management Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

Produce all information that relates to the information provided in Interrogatory No. 8 relating to sections ii. and iii. of the Yacht Management Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

Produce all information that relates to the information provided in Interrogatory No. 9 relating to section iv. of the Yacht Management Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

Produce all information that relates to the information provided in Interrogatory No. 11, relating to section v. of the Yacht Management Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

Produce all information that relates to the information provided in Interrogatory No. 12, relating to section vi. of the Yacht Management Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Produce all information that relates to the information provided in Interrogatory No. 13, relating to section vii. of the Yacht Management Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

Produce all information that relates to the information provided in Interrogatory No. 14, relating to section viii. of the Yacht Management Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

Produce all information that relates to the information provided in Interrogatory No. 15, relating to section ix. of the Yacht Management Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

Produce all information that relates to the information provided in Interrogatory No. 16, relating to section x. of the Yacht Management Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

Produce all other documents identified, referred to, or relied upon in answering Plaintiff's Request for Production or Interrogatories.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Produce certified copies of all insurance policies in MYM's possession that were in force on September 30, 2022.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

Produce all documents that you believe support each of your affirmative defenses identifying each document and the corresponding affirmative defense that you believe it supports.

    **RESPONSE:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NUMBER: 1:24-cv-20989

**MERMAID MARINE HOLDINGS, LLC,**
a Florida Limited Liability Company and
**AQUARIUS EAST TOURS, INC.,** an
inactive Florida for Profit Business,

   *Plaintiffs,*

v.

**MAVERICK YACHT MANAGEMENT
LLC,** a Florida for Profit Business,
**JOHANN FAUBEL,** an individual, and
**JUAN MEIRELES**, an individual,

   *Defendants*.

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT MAVERICK YACHT MANAGEMENT, LLC

TO:  Counsel of Record for Defendant Maverick Yacht Management, LLC, Gino Butto, Famulari, Butto & Higginbottom, PLLC, 2332 Galiano Street 2nd Floor, Coral Gables, Florida, 33134.

Plaintiffs, MERMAID MARINE HOLDINGS and AQUARIUS EAST TOURS, INC., by and through undersigned counsel, hereby propound the following Interrogatories to Defendant, MAVERICK YACHT MANAGEMENT, LLC, pursuant Federal Rules of Civil Procedure 33. Please take notice that you are to answer separately, fully, in writing, and under oath, the following Interrogatories, which are deemed to be continuing in nature, and to serve your answers thereto on Johns Law Group, PLLC, Attorneys for Plaintiff, 1 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33301, within thirty (30) days of service hereof.

Dated: November 15, 2024.                      Respectfully Submitted,

JOHNS LAW GROUP, PLLC

By: /s/ Jeremiah N. Johns

JEREMIAH N. JOHNS
Florida Bar No. 97323
1 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33301
Tel:  (954) 526-5080
Fax:  (866) 200-2747
jjohns@johnslawgroup.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Plaintiff's First Interrogatories to Defendant Maverick Yacht Management,* LLC has been forwarded to counsel of record via Certified U.S. Mail, facsimile, hand delivery, or electronic service on this day, November 15, 2024.

GINO J. BUTTO
F. DAVID FAMULARI
SAMUEL C. HIGGINBOTTOM

Famulari, Butto & Higginbottom, PLLC
2332 Galiano Street 2nd Floor
Coral Gables, FL 33134
Tel: (305) 728-7082

Email: gbutto@NauticalLawyers.com
Email: dfamulari@NauticalLawyers.com
Email: SCH@NauticalLawyers.com

/s/ Jeremiah N. Johns
Jeremiah N. Johns

## INSTRUCTIONS

A. If you claim any privilege or immunity in connection with any of these discovery requests, you shall state your claim in detail and provide all information that is relevant to the evaluation of the claim of privilege or immunity or to the waiver of the privilege or immunity. The information shall be sufficient to allow presentation of the claim to the Court and to allow Plaintiff to contest the claim and to urge any waiver of the privilege. The information shall also include, without limitation, the identity of all documents and of all oral statements and communications relating to the claim or its waiver. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by exercising or otherwise protecting the portions for which a privilege or immunity is asserted. If a claim of privilege or immunity is asserted, a privilege log must be simultaneously provided with the responses to these requests.

B. If any document has been destroyed, you shall identify such document and describe in detail the circumstances of and the reason for the destruction of each document, and shall produce all documents relating to the circumstances of, or the reason for, such destruction.

C. For any requested information about a document that no longer exists or cannot be located, Identify the document, state how and when it passed out of existence or when it could no longer be located, and give the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

D. These discovery requests are continuing in nature. If further information or documents come into your possession or are brought to your attention, or the attention of your agents, employees, officers, directors, representatives, or attorneys in the course of trial or prior to trial, then supplementation of your responses is required.

## DEFINITIONS

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means Maverick Yacht Management, LLC, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of MYM or its successors, predecessors, divisions, and subsidiaries.

3. "Vessel" refers to the M/V SIRENA, a 2008 70' Manhattan Sunseeker Yacht bearing Hull Number XSK04238D808.

4. "Incident" refers to the occurrences on September 30, 2022, leading up to and causing the damage of the vessel.

5. "Lawsuit" or "Litigation" means the present action, styled *Mermaid Marine Holdings, LLC and Aquarius East Tours v. Maverick Yacht Management, LLC, Johann Faubel, and Juan Meireles,* Case No. 01:24-cv-20989, filed in the Southern District of Florida.

6. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by MYM, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, résumés, logs, worksheets, insurance policies, financial data, record of claims or complaints, training manuals and materials, claim reviews, claim files, "field files", claim handling manuals, materials from the Insurance Institute of America, oral or written statements, and all information identified, referred to, or relied upon in developing Defendant's Answer to Plaintiff's Complaint.

7. "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives), microfiche, punched cards, or servers. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

8. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

9. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

10. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

11. "Contract" refers to the yacht management agreement referenced in this lawsuit and executed by both Plaintiffs.

12. "Identify" or "describe," when referring to a person, means Maverick Yacht Management, LLC must state the following:

    a. The full name.
    b. The present or last known residential address and residential telephone number.
    c. The present or last-known office address and office telephone number.
    d. The occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
    e. In the case of any entity, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory and the officer who is responsible for supervising that officer or employee.

13. "Identify" or "describe," when referring to a document, means Maverick Yacht Management, LLC must state the following:

    a. The nature of the document (e.g., letter, handwritten note).
    b. The title or heading that appears on the document.
    c. The date of the document and the date of each addendum, supplement, or other addition or change.
    d. The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.
    e. The present location of the document and the name, address, position or title, and telephone number of the person or persons having custody of the document.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**TO DEFENDANT MAVERICK YACHT MANAGEMENT, LLC**

**INTERROGATORY NO. 1:**

Please state the name and address of the person or persons answering these interrogatories, and, if applicable, their official position or relationship with the party to whom the interrogatories are directed.

**ANSWER**:

**INTERROGATORY NO. 2:**

Please list the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this Lawsuit and specify the subject matter about which the witness has knowledge.

**ANSWER:**

**INTERROGATORY NO. 3:**

Please describe all facts and circumstances giving rise to each of your defenses and affirmative defenses in this matter.

**ANSWER**:

**INTERROGATORY NO. 4:**

Identify all witnesses and evidence that you believe support each of your affirmative defenses identifying each witness/evidence and the corresponding affirmative defense that you believe it supports.

**ANSWER**:

**INTERROGATORY NO. 5:**

Please state with specificity any and all defenses the Defendant asserts to Plaintiff's Complaint, outlining all individuals who will testify in support thereof, listing any and all documents which support each defense and outlining any and all evidence the Defendant has to support said defense.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify the dates of any valuations or inspections performed in accordance with section i of the Yacht Management Agreement, the persons conducting each valuation or inspection, the valuation

or inspection results, and any correspondence sent by Maverick Yacht Management, LLC following any valuation or inspection of the vessel.

**ANSWER**:

**INTERROGATORY NO. 7:**

Identify recommendations made to the Plaintiffs pursuant to sections ii. and iii. of the Yacht Management Agreement.

**ANSWER**:

**INTERROGATORY NO. 8:**

Identify any and all hurricane safety plans provided to Plaintiffs regarding the vessel pursuant to section iv of the Yacht Management Agreement.

**ANSWER**:

**INTERROGATORY NO. 9:**

Identify any and all reports provided to Plaintiffs regarding the vessel pursuant to section v of the Yacht Management Agreement.

**ANSWER**:

**INTERROGATORY NO. 10:**

Please identify all records of technical assistance regarding the vessel pursuant to section vi of the Yacht Management Agreement.

**ANSWER**:

**INTERROGATORY NO. 11:**

State whether MYM's global database of contacts referred to in section vii. of the Yacht Management Agreement was ever utilized and identify any of those contacts if they were utilized.

**ANSWER**:

**INTERROGATORY NO. 12:**

Please state all documents you have received from the Plaintiff or a representative on his behalf providing the date in which those documents were received and by whom they were received.

**ANSWER**:

**INTERROGATORY NO. 13:**

Do you intend to call any expert witness at the trial for this case? If so, please state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, and a summary of the grounds for each opinion.

    **ANSWER:**

**INTERROGATORY NO. 14:**

Please identify all persons who, on behalf of the Defendant, Maverick Yacht Management, have in any way participated in the investigation, evaluation of damage to the vessel, and specify the nature of the participation for each and every such person and give the time period during which they participated.

    **ANSWER:**

**INTERROGATORY NO. 15:**

How did the incident that forms the basis of the lawsuit occur?

    **ANSWER:**

**INTERROGATORY NO. 16:**

Please explain the actions and duties of each MYM owner or employee that was on the Vessel at the time of the incident providing details about the specific activities of each person who was on the Vessel during the voyage in which the incident occurred.

    **ANSWER:**

**INTERROGATORY NO. 17:**

Please explain the status of any claim by MYM against an insurance company or other negligent party (including an insurance agent/broker) for payment related to the incident that forms the basis of this lawsuit.

    **ANSWER:**